# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL LYZER**, | Case No. 3:17-cv-1335-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **CARUSO PRODUCE, INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on September 9, 2019. ECF 70. Judge Beckerman recommended that Defendant's motion for summary judgment be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United*

*States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 75. Plaintiff generally states that he objects "with respect to each claim dismissed," but only specifically objects to the Findings and Recommendation relating to his claim of a hostile work environment based on Plaintiff's race. A "general" objection to a Finding and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)."). Thus, Plaintiff's generic one-sentence objection is insufficient under Rule 72(b). Accordingly, other than Plaintiff's claim of a hostile work environment based on race, all other portions of the Findings and Recommendation are considered not to have any objection. The Court reviews those portions for clear error. No such error is found, and the Court adopts those portions of the Findings and Recommendation.

Regarding Plaintiff's claim of a hostile work environment based on Plaintiff's race, the Court reviews this claim *de novo*. Plaintiff raises specific arguments and focuses on evidence in the record that he did not raise before Judge Beckerman. Plaintiff cites to the Workplace Investigation Report prepared by Jennifer Bouman-Steagall, the outside investigator hired by

Defendant to conduct an independent investigation into Plaintiff's complaints as described in a complaint filed with the Oregon Bureau of Labor & Industries. This report contains statements purportedly made by Plaintiff and by employees of Defendant. Although the report may contain hearsay, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). Accordingly, the Court considers the statements in the Workplace Investigation Report in evaluating Plaintiff's motion.

The evidence in the record shows that Plaintiff's co-workers and supervisors repeatedly called Plaintiff "boy" and one co-worker told him something to the effect that "blacks don't have daddies." When Plaintiff told his supervisor that Plaintiff's sister, who had been in a coma, was brain dead, the supervisor responded that "it runs in the family." The evidence is disputed, but according to Plaintiff, when he responded to a co-worker with frustration regarding a racist comment and stated that the next time, the co-worker would use the "n-word," the co-worker sarcastically replied "n-word." Plaintiff also was threatened by a supervisor that Plaintiff would be "whipped" with a belt. He was threatened by another supervisor that he would be taken "out back" and beaten, and then that supervisor punched Plaintiff in the shoulder and kicked him. Those supervisors claim that they "jokingly" made comments about whipping and beating Plaintiff and deny hitting or kicking him. Plaintiff also contends that he was singled out for different treatment than his white co-workers and was generally treated with more hostility and rudeness. These facts, although disputed, must be viewed in the light most favorable to Plaintiff. Moreover, they are the type of factual disputes that a jury must resolve.

To establish a *prima facie* hostile-work-environment claim, a plaintiff must show "(1) the defendants subjected her to verbal or physical conduct based on her race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). "In assessing whether a work environment is sufficiently hostile, the court examines the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 687 (9th Cir. 2017) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)). The evidence in the record raises a genuine issue of material fact regarding whether Plaintiff's supervisors' and co-workers' conduct was based on Plaintiff's race and was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment. Accordingly, Defendant's motion for summary judgment on Plaintiff's claim that he was subjected to a hostile work environment based on his race is denied.

The Findings and Recommendation (ECF 70) is ADOPTED IN PART. Defendant's Motion for Summary Judgment (ECF 48) is GRANTED IN PART and DENIED IN PART. Summary judgment is granted against all claims except Plaintiff's claims for race discrimination based on hostile work environment under Title VII and Oregon Revised Statutes § 659A.030.

**IT IS SO ORDERED.**

DATED this 13th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge